## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ALABAMA FARMERS
COOPERATIVE, INC.                                              PLAINTIFF

v.                                                               NO.3:07-CV-543-JDM

DENNIS JORDAN                                             DEFENDANT

### OPINION AND ORDER

The plaintiff, Alabama Farmers Cooperative, Inc. ("Coop"), moves for partial summary judgment on the interpretation of the parties' two lease agreements. For reasons stated below, the court will deny the motion with leave to reinstate following limited discovery the defendant seeks.

### I.

The Coop is a lessee of fifteen acres (the subject of one lease) and mobile homes (the subject of the second lease), known as Upton Station, used in a greenhouse-based plant growing operation. The Coop's landlord, the defendant Dennis Jordan ("Jordan"), worked for the Coop as station manager until recently. Jordan resigned and initiated legal proceedings to eject the Coop from Upton Station. Those proceedings culminated in this action, initiated by the Coop, for declaratory and monetary relief for breach of contract and related claims.

In short, both leases contain an option to renew for an additional five years, provisions which the Coop argues support its request for partial summary judgment declaring that it has valid leases and options on the Upton Station land and trailers through July 31, 2010. Each lease is a simple one-page document, including signatures, and contains the following identical

provision:

> The Lessee [Alabama Farmers Coop] shall have the option to renew this lease at the end of five (5) years for another five (5) years at the same annual rent [or, for the same rate]."[1]

No other terms address what conditions, if any other than continued occupancy, trigger the renewal option. By express terms, the initial five-year term in each lease expired July 31, 2005. After this date, the Coop continued to occupy Upton Station, and after Jordan's demand in January 2007, the Coop paid $22,000.00, the sum of two years' rent at the previous rate of $4,400 per month for the land and $6700.00 per annum for the trailers.

## II.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Rule 56 further provides that "[w]hen a motion for summary judgment is made and supported [by affidavit] ..., an adverse party may not rest upon the mere allegations ..., but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

At the summary judgment stage of litigation the pivotal issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

---

[1] Mot. for Partial Summary Jdmt. (docket no. 31), exhibits C and D.

**III.**

The Coop chiefly relies on *Lexington Flying Service v. Anderson's Ex'r*, 239 S.W.2d 945, 946-948 (Ky. 1951), which states that when a renewal provision does not require a lessee to perform a positive act, such as notice, before its terms might be extended, then "the holding over, with payment and acceptance of rent, is enough to vitalize the lease for the extended period." The Coop further reasons that *all* terms of the leases have been renewed, including the option to purchase "at any time" the land for $40,000.00, and the trailers for $37,000.00.[2] Because the written leases apply, the Coop argues, Kentucky landlord-tenant statutes are not applicable and provide no support for Jordan's ejectment of the Coop. *See* KY. REV. STAT. ANN. § 383.160(1).

Jordan argues partial summary judgment is premature because there has been no opportunity for discovery on the underlying course of dealing between the parties and their intentions. Jordan argues essentially that such extrinsic evidence is material if one accepts the proposition that the term "renew" is not synonymous with the term "extend." As the court explained in *Lexington Flying Service*, some courts have held that "the word 'renew' connotes that a new, formal agreement in writing should be executed by the parties," whereas the word "extend" implies "a holding over with the payment and acceptance of rent." *Id.,* at 946. Essentially, Jordan contends the leases did not automatically renew by virtue of the Coop's continued possession and payment of rent but that the renewal provision required the parties to enter new leases. Jordan argues the history of the parties' dealings supports his interpretation of the leases, i.e., the leases at issue are themselves renewal agreements between the parties.

The Coop counters that such factual issues are immaterial because the parties' intentions

---

[2]*Id.*

are reflected in the unambigous terms of the leases which, under the parol evidence rule, cannot be varied by prior agreements and negotiations between the parties. Indeed, if the parol evidence rule bars the extrinsic evidence Jordan seeks in discovery, then it would seem the interpretation of the contract is ripe for review.

The court is not persuaded, however, that partial summary judgment is appropriate for several reasons. First, it is not clear, as neither party addressed it in the briefs, whether the absence of a complete integration clause in the leases impedes the application of the parol evidence rule in this case. More important, it is not clear whether the parol evidence rule bars all extrinsic evidence Jordan may offer. There is some authority that the circumstances surrounding the execution of the contract bear upon the contract's meaning and that evidence of other objectively determinable factors which give a context to the transaction between the parties is admissible notwithstanding the parol evidence rule. *See* RICHARD A. LORD, WILLISTON ON CONTRACTS § 32:7 (4th ed.).

The court cautions counsel that it has taken no view toward the ultimate merit of the claims and defenses in this case. Rather, the court merely concludes after thorough consideration of the parties' briefs that the better course is to permit limited discovery and thereafter reach a dispositive ruling upon proper motion.

The plaintiff's motion for partial summary judgment is therefore **DENIED.**

**IT IS SO ORDERED.**

DATE:

Copies to Counsel of Record